# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | |
|---|---|
| CONSTELLATION IP, LLC,<br>   a Texas Limited Liability Corporation<br><br>           Plaintiff,<br>   v.<br><br>1. AVIS BUDGET GROUP, INC.,<br>2. AVIS RENT A CAR SYSTEM, LLC,<br>3. BUDGET RENT A CAR SYSTEM, INC.,<br>4. WYNDHAM WORLDWIDE<br>   CORPORATION,<br>5. STARWOOD HOTELS & RESORTS<br>   WORLDWIDE, INC.,<br>6. NATIONWIDE MUTUAL INSURANCE<br>   COMPANY,<br>7. COMPARISONMARKET INSURANCE<br>   AGENCY, INC.,<br>8. ESURANCE, INC.,<br>9. TRAVELPORT, INC.,<br>10. ORBITZ, LLC,<br>11. AWAY.COM, INC.,<br>12. CHEAPTICKETS, INC.,<br>13. LA QUINTA MANAGEMENT, LLC, and<br>14. GALILEO INTERNATIONAL, LLC,<br><br>           Defendants. | Civil Action No. 5:07-cv-0038<br>JURY TRIAL DEMANDED |

## COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action for patent infringement in which Constellation IP, LLC makes the following allegations against Avis Budget Group, Inc., Avis Rent A Car System, LLC, Budget Rent A Car System, Inc., Wyndham Worldwide Corporation, Starwood Hotels & Resorts Worldwide, Inc., Nationwide Mutual Insurance Company, Comparisonmarket Insurance Agency, Inc., eSurance, Inc., Travelport, Inc., Orbitz, LLC, Away.com, Inc., CheapTickets, Inc., La Quinta Management, LLC, and Galileo International, LLC (collectively the "Defendants").

## PARTIES

1. Plaintiff Constellation IP, LLC ("Constellation") is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2. On information and belief, Defendant Avis Budget Group, Inc. ("Avis") is a Delaware corporation with its principal place of business located at 6 Sylvan Way, Parsippany, New Jersey 07054. Avis has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

3. On information and belief, Defendant Avis Rent A Car System, LLC ("Avis Rent A Car System") is a Delaware corporation with its principal place of business located at 6 Sylvan Way, Parsippany, New Jersey 07054. Avis Rent A Car System is qualified to do business in the State of Texas and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701 as its agent for service of process.

4. On information and belief, Defendant Budget Rent A Car System, Inc. ("Budget Rent A Car System") is a Delaware corporation with its principal place of business located at 6 Sylvan Way, Parsippany, New Jersey 07054. Budget Rent A Car System has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

5. On information and belief, Defendant Wyndham Worldwide Corporation ("Wyndham") is a Delaware corporation with its principal place of business located at 1 Sylvan Way, Parsippany, New Jersey 07054. Wyndham has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

6. On information and belief, Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") is a Maryland corporation with its principal place of business located at 1111 Westchester Avenue, White Plains, New York 10604.  Starwood is qualified to do business in the State of Texas and has appointed CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201 as its agent for service of process.

7. On information and belief, Defendant Nationwide Mutual Insurance Company ("Nationwide") is an Ohio corporation with its principal place of business located at 1 Nationwide Plaza, Columbus, Ohio 43215-2220.  Nationwide has appointed Nationwide Office of General Counsel, Intellectual Property Department, 1 Nationwide Plaza, Columbus, Ohio 43215-2220 as its agent for service of process.

8. On information and belief, Defendant Comparisonmarket Insurance Agency, Inc. ("Comparisonmarket") is an Ohio corporation with its principal place of business located at 29001 Solon Road, Suite A, Solon, Ohio 44139-3440.  Comparisonmarket is qualified to do business in the State of Texas and has appointed CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201 as its agent for service of process.

9. On information and belief, Defendant eSurance, Inc. ("eSurance") is a Delaware corporation with its principal place of business located at 747 Front Street, 4th Floor, San Francisco, California 94111-1922.  eSurance is qualified to do business in the State of Texas and has appointed CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201 as its agent for service of process.

10. On information and belief, Defendant Travelport, Inc. ("Travelport") is a Delaware corporation with its principal place of business located at Morris Corporate Center III, 400 Interpace Parkway, Building A, Parsippany, New Jersey 07054.  Travelport has appointed

Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

11. On information and belief, Defendant Orbitz, LLC ("Orbitz") is a Delaware corporation with its principal place of business located at 200 South Wacker Drive, Suite 1900, Chicago, Illinois 60606-5857. Orbitz has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

12. On information and belief, Defendant Away.com, Inc. ("Away.com") is a Delaware corporation with its principal place of business located at 702 H Street, N.W., Suite 200, Washington, DC 20001. Away.com has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

13. On information and belief, Defendant CheapTickets, Inc. ("CheapTickets") is a Delaware corporation with its principal place of business located at 500 West Madison Avenue, Suite 1000, Chicago, Illinois 60661. CheapTickets has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

14. On information and belief, Defendant La Quinta Management, LLC ("La Quinta") is a Nevada corporation with its principal place of business located at 909 Hidden Ridge, Suite 600, Irving, Texas 75038. La Quinta is qualified to do business in the State of Texas and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701 as its agent for service of process.

15. On information and belief, Defendant Galileo International, LLC ("Galileo") is a Delaware corporation with its principal place of business located at 7 Sylvan Way, Parsippany, New Jersey 07054. Galileo has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

## JURISDICTION AND VENUE

16. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district, and/or has committed and/or induced acts of patent infringement in this district.

## INFRINGEMENT OF U.S. PATENT NO. 6,453,302

18. Constellation is the owner by assignment of all rights and interest in United States Patent No. 6,453,302 (the "'302 Patent") titled "Computer Generated Presentation System." The '302 Patent issued on September 17, 2002. A true and correct copy of the '302 Patent is attached as Exhibit A.

19. Jerome D. Johnson and Dale A. Mehr are listed as the inventors on the '302 patent.

20. On information and belief, Defendant Avis has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.avis.com and www.budget.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Avis is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

21. On information and belief, Defendant Avis Rent A Car System has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or

contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.avis.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Avis Rent A Car System is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

22. On information and belief, Defendant Budget Rent A Car System has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.budget.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Budget Rent A Car System is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

23. On information and belief, Defendant Wyndham has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.wyndhamworldwide.com and www.rci.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Wyndham is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

24. On information and belief, Defendant Starwood has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.starwoodhotels.com, www.starwood.com, www.starwoodgp.com,

www.westin.com, www.stregis.com, www.whotels.com, www.aladdincasino.com, www.sheraton.com, and www.caesarspoconoresorts.com) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant Starwood is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

25. On information and belief, Defendant Nationwide has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.nationwide.com and http://quote.nationwide.com) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant Nationwide is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

26. On information and belief, Defendant Comparisonmarket has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.comparisonmarket.com and www.autoandhome.com) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant Comparisonmarket is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

27. On information and belief, Defendant eSurance has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.esurance.com) that practice one or more claims of the '302 Patent to the injury

of Constellation.  Defendant eSurance is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

28. On information and belief, Defendant Travelport has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.travelport.com) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant Travelport is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

29. On information and belief, Defendant Orbitz has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.orbitz.com) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant Orbitz is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

30. On information and belief, Defendant Away.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.away.com) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant Away.com is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

31. On information and belief, Defendant CheapTickets has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.cheaptickets.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant CheapTickets is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

32. On information and belief, Defendant La Quinta has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.lq.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant La Quinta is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

33. On information and belief, Defendant Galileo has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.galileo.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Galileo is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

34. On information and belief, Defendants have actively induced and are actively inducing infringement of the '302 Patent and are liable for contributory infringement of the '302 Patent.

35. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '302 Patent complied with such requirements and Constellation is entitled to collect damages for acts of infringement of the '302 Patent occurring prior to the filing of the present Complaint.

36. On information and belief, at least after the filing of the present Complaint, the Defendants have infringed and continue to willfully infringe the '302 Patent.

37. As a result of these Defendants' infringement of the '302 Patent, Constellation has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

38. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '302 patent, Constellation will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Constellation respectfully requests that this Court enter:

1. A judgment in favor of Constellation that Defendants Avis, Avis Rent A Car System, Budget Rent A Car System, Wyndham, Starwood, Nationwide, Comparisonmarket, eSurance, Travelport, Orbitz, Away.com, CheapTickets, La Quinta, and Galileo have infringed, directly and indirectly, by way of inducing and/or contributing to the infringement of the '302 Patent, and that such infringement was willful;

2. A permanent injunction, enjoining Defendants Avis, Avis Rent A Car System, Budget Rent A Car System, Wyndham, Starwood, Nationwide, Comparisonmarket, eSurance, Travelport, Orbitz, Away.com, CheapTickets, La Quinta, and Galileo and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and

all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '302 Patent;

3. A judgment and order requiring Defendants Avis, Avis Rent A Car System, Budget Rent A Car System, Wyndham, Starwood, Nationwide, Comparisonmarket, eSurance, Travelport, Orbitz, Away.com, CheapTickets, La Quinta, and Galileo to pay Constellation its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '302 Patent as provided under 35 U.S.C. § 284;

4. An award to Constellation of restitution of the benefits Defendants have gained through their unfair, deceptive, or illegal acts;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Constellation reasonable attorneys' fees; and

6. Any and all other relief to which Constellation may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues triable of right by a jury.

Dated:  March 9, 2007	Respectfully submitted,

**CONSTELLATION IP, LLC**

By: /s/ Danny L. Williams
Danny L. Williams
  LEAD ATTORNEY
    Texas State Bar No. 21518050
J. Mike Amerson
    Texas State Bar No. 01150025
Ruben S. Bains
    Texas State Bar No. 24001678
**Williams, Morgan & Amerson, P.C.**
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone:  (713) 934-4060
Facsimile:  (713) 934-7011
E-mail:  danny@wmalaw.com
E-mail:  mike@wmalaw.com
E-mail:  rbains@wmalaw.com

David M. Pridham
    R.I. State Bar No. 6625
**Intellectual Property Navigation Group, LLC**
207 C North Washington Avenue
Marshall, Texas  75670
Telephone:  (903) 234-0507
Facsimile:  (903) 234-2519
E-mail:  david@ipnav.com

T. John Ward, Jr.
    Texas State Bar No. 00794818
**Law Office of T. John Ward, Jr., P.C.**
P.O. Box 1231
Longview, Texas 75606-1231
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323
E-mail:  jw@jwfirm.com

          Eric M. Albritton
           Texas State Bar No. 00790215
          J. Scott Hacker
           Texas State Bar No. 24027065
          **ALBRITTON LAW FIRM**
          P.O. Box 2649
          Longview, Texas 75606
          Telephone:  (903) 757-8449
          Facsimile:  (903) 758-7397
          Email:  ema@emafirm.com
          Email:  jsh@emafirm.com

          **ATTORNEYS FOR PLAINTIFF**
          **CONSTELLATION IP, LLC**