# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| CONSTELLATION IP, LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | Civil Action No. |
| vs. | § | 5:07-cv-00038-DF-CMC |
| | § | |
| 1. AVIS BUDGET GROUP, INC., | § | |
| 2. AVIS RENT A CAR SYSTEM, INC., | § | |
| 3. BUDGET RENT A CAR SYSTEM, INC., | § | |
| 4.WYNDHAM WORLDWIDE | § | |
| CORPORATION, | § | |
| 5. STARWOOD HOTELS & RESORTS | § | |
| WORLDWIDE, INC. | § | |
| 6. NATIONWIDE MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| 7. COMPARISONNMARKET INSURANCE | § | |
| AGENCY, INC., | § | |
| 8. ESURANCE, INC., | § | |
| 9. TRAVELPORT, INC., | § | |
| 10. ORBITZ, LLC, | § | |
| 11. AWAY.COM, INC., | § | |
| 12. CHEAPTICKETS, INC., | § | |
| 13. LAQUINTA MANAGEMENT, LLC, | § | |
| 14. GALILEO INTERNATIONAL, LLC, | § | |
| 15. AMR CORP., | § | |
| 16. AMERICAN AIRLINES, INC., | § | |
| 17. FEDEX CORP., | § | |
| 18. FEDEX CORPORATE SERVICES, INC., | § | |
| 19. THE CHARLES SCHWAB CORP. and | § | |
| 20. CHARLES SCHWAB & CO., INC. | § | |
| | § | |
| Defendants. | § | |

## AMERICAN AIRLINES, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant American Airlines, Inc. ("American") hereby submits its answer and affirmative defenses to Plaintiff Constellation IP, LLC's ("Constellation") First Amended

Complaint and Demand for Jury Trial (the "Complaint"), as well as its counterclaims against Constellation, and states as follows:

1.      Plaintiff Constellation IP, LLC ("Constellation") is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 1 of the Complaint, and on that basis, American denies them.

2.      On information and belief, Defendant Avis Budget Group, Inc. ("Avis") is a Delaware corporation with its principal place of business located at 6 Sylvan Way, Parsippany, New Jersey 07054. Avis has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 2 of the Complaint, and on that basis, American denies them.

3.      On information and belief, Defendant Avis Rent A Car System, LLC ("Avis Rent A Car System") is a Delaware corporation with its principal place of business located at 6 Sylvan Way, Parsippany, New Jersey 07054. Avis Rent A Car System is qualified to do business in the State of Texas and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701 as its agent for service of process.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 3 of the Complaint, and on that basis, American denies them.

4.      On information and belief, Defendant Budget Rent A Car System, Inc. ("Budget Rent A Car System") is a Delaware corporation with its principal place of business located at 6 Sylvan Way, Parsippany, New Jersey 07054. Budget Rent A Car System has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 4 of the Complaint, and on that basis, American denies them.

5.      On information and belief, Defendant Wyndham Worldwide Corporation ("Wyndham") is a Delaware corporation with its principal place of business located at 1 Sylvan Way, Parsippany, New Jersey 07054. Wyndham has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 5 of the Complaint, and on that basis, American denies them.

6.      On information and belief, Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") is a Maryland corporation with its principal place of business located at 1111

Westchester Avenue, White Plains, New York 10604. Starwood is qualified to do business in the State of Texas and has appointed CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201 as its agent for service of process.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 6 of the Complaint, and on that basis, American denies them.

7.      On information and belief, Defendant Nationwide Mutual Insurance Company ("Nationwide") is an Ohio corporation with its principal place of business located at 1 Nationwide Plaza, Columbus, Ohio 43215-2220. Nationwide has appointed Nationwide Office of General Counsel, Intellectual Property Department, 1 Nationwide Plaza, Columbus, Ohio 43215-2220 as its agent for service of process.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 7 of the Complaint, and on that basis, American denies them.

8.      On information and belief, Defendant Comparisonmarket Insurance Agency, Inc. ("Comparisonmarket") is an Ohio corporation with its principal place of business located at 29001 Solon Road, Suite A, Solon, Ohio 44139-3440. Comparisonmarket is qualified to do business in the State of Texas and has appointed CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201 as its agent for service of process.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 8 of the Complaint, and on that basis, American denies them.

9.      On information and belief, Defendant eSurance, Inc. ("eSurance") is a Delaware corporation with its principal place of business located at 747 Front Street, 4th Floor, San Francisco, California 94111-1922. eSurance is qualified to do business in the State of Texas and has appointed CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201 as its agent for service of process.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 9 of the Complaint, and on that basis, American denies them.

10.     On information and belief, Defendant Travelport, Inc. ("Travelport") is a Delaware corporation with its principal place of business located at Morris Corporate Center III, 400 Interpace Parkway, Building A, Parsippany, New Jersey 07054. Travelport has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 10 of the Complaint, and on that basis, American denies them.

11.     On information and belief, Defendant Orbitz, LLC ("Orbitz") is a Delaware corporation with its principal place of business located at 200 South Wacker Drive, Suite 1900, Chicago, Illinois 60606-5857. Orbitz has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 11 of the Complaint, and on that basis, American denies them.

12.     On information and belief, Defendant Away.com, Inc. ("Away.com") is a Delaware corporation with its principal place of business located at 702 H Street, N.W., Suite 200, Washington, DC 20001. Away.com has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 12 of the Complaint, and on that basis, American denies them.

13.     On information and belief, Defendant CheapTickets, Inc. ("CheapTickets") is a Delaware corporation with its principal place of business located at 500 West Madison Avenue, Suite 1000, Chicago, Illinois 60661. CheapTickets has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 13 of the Complaint, and on that basis, American denies them.

14.     On information and belief, Defendant La Quinta Management, LLC ("La Quinta") is a Nevada corporation with its principal place of business located at 909 Hidden Ridge, Suite 600, Irving, Texas 75038. La Quinta is qualified to do business in the State of Texas and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701 as its agent for service of process.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 14 of the Complaint, and on that basis, American denies them.

15.     On information and belief, Defendant Galileo International, LLC ("Galileo") is a Delaware corporation with its principal place of business located at 7 Sylvan Way, Parsippany, New Jersey 07054. Galileo has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 15 of the Complaint, and on that basis, American denies them.

16.     On information and belief, Defendant AMR Corp. ("AMR") is a Delaware corporation with its principal place of business located in Fort Worth, Texas. AMR has appointed The

Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

ANSWER:

American admits the allegations of Paragraph 16 of the Complaint.

17.     On information and belief, Defendant American Airlines, Inc. ("American Airlines") is a Delaware corporation with its principal place of business located in Fort Worth, Texas. American Airlines has appointed The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

ANSWER:

American admits the allegations of Paragraph 17 of the Complaint.

18.     On information and belief, Defendant FedEx Corp. ("FedEx") is a Delaware corporation with its principal place of business located in Memphis, Tennessee. FedEx has appointed The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 18 of the Complaint, and on that basis, American denies them.

19.     On information and belief, Defendant FedEx Corporate Services, Inc., ("FedEx Services") is a Delaware corporation with its principal place of business located in Memphis,

Tennessee. FedEx Services has appointed The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 19 of the Complaint, and on that basis, American denies them.

20.      On information and belief, Defendant The Charles Schwab Corp. ("Schwab Corp.") is a Delaware corporation with its principal place of business located in San Francisco, California. Schwab Corp. has appointed The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 20 of the Complaint, and on that basis, American denies them.

21.      On information and belief, Defendant Charles Schwab & Co., Inc. ("Schwab & Co.") is a Delaware corporation with its principal place of business located in San Francisco, California. Schwab & Co. has appointed The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 21 of the Complaint, and on that basis, American denies them.

## JURISDICTION AND VENUE

22.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

ANSWER:

American admits that Constellation purports to bring an action arising under the patent laws of the United States, and, as a result, this Court has subject matter jurisdiction.  American denies the remaining allegations of Paragraph 22.

23.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district, and/or has committed and/or induced acts of patent infringement in this district.

ANSWER:

American admits that it has transacted business in this Judicial District.  American denies the remaining allegations pertaining to American in Paragraph 23 of the Complaint.  American is without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 23 of the Complaint, and on that basis, American denies them.

## INFRINGEMENT OF U.S. PATENT NO. 6,453,302

24.     Constellation is the owner by assignment of all rights and interest in United States Patent No. 6,453,302 (the "'302 Patent") titled "Computer Generated Presentation System."  The '302 Patent issued on September 17, 2002. A true and correct copy of the '302 Patent is attached as Exhibit A.

ANSWER:

American admits that the first page of U.S. Patent No. 6,453,302 ("the '302 patent") indicates that it is entitled "Computer Generated Presentation System" and that it was issued on September 17, 2002.  American is without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 24 of the Complaint, and on that basis, American denies them.

25.     Jerome D. Johnson and Dale A. Mehr are listed as the inventors on the '302 patent.

ANSWER:

American admits that Jerome D. Johnson and Dale A. Mehr are listed as inventors on the copy of the '302 patent included as Exhibit A to the Complaint.

26.     On information and belief, Defendant Avis has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.avis.com and www.budget.com) that practice one or more claims of the '302 Patent to the

injury of Constellation. Defendant Avis is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 26 of the Complaint, and on that basis, American denies them.

27.     On information and belief, Defendant Avis Rent A Car System has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.avis.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Avis Rent A Car System is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 27 of the Complaint, and on that basis, American denies them.

28.     On information and belief, Defendant Budget Rent A Car System has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.budget.com) that practice one or more claims of the '302 Patent to the

injury of Constellation. Defendant Budget Rent A Car System is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 28 of the Complaint, and on that basis, American denies them.


29.     On information and belief, Defendant Wyndham has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.wyndhamworldwide.com and www.rci.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Wyndham is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 29 of the Complaint, and on that basis, American denies them.


30.     On information and belief, Defendant Starwood has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.starwoodhotels.com, www.starwood.com, www.starwoodgp.com, www.westin.com, www.stregis.com, www.whotels.com, www.aladdincasino.com,

www.sheraton.com, and www.caesarspoconoresorts.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Starwood is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 30 of the Complaint, and on that basis, American denies them.

31.     On information and belief, Defendant Nationwide has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.nationwide.com and http://quote.nationwide.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Nationwide is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 31 of the Complaint, and on that basis, American denies them.

32.     On information and belief, Defendant Comparisonmarket has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.comparisonmarket.com and www.autoandhome.com) that practice one or more

claims of the '302 Patent to the injury of Constellation. Defendant Comparisonmarket is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 32 of the Complaint, and on that basis, American denies them.

33.     On information and belief, Defendant eSurance has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.esurance.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant eSurance is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 33 of the Complaint, and on that basis, American denies them.

34.     On information and belief, Defendant Travelport has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.travelport.com) that practice one or more claims of the '302 Patent to the injury

of Constellation. Defendant Travelport is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 34 of the Complaint, and on that basis, American denies them.

35.     On information and belief, Defendant Orbitz has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.orbitz.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Orbitz is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 35 of the Complaint, and on that basis, American denies them.

36.     On information and belief, Defendant Away.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.away.com) that practice one or more claims of the '302 Patent to the injury of

Constellation. Defendant Away.com is thus liable for infringement of the '302 Patent pursuant to

35 U.S.C. § 271.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations

of Paragraph 36 of the Complaint, and on that basis, American denies them.


37.     On information and belief, Defendant CheapTickets has been and now is directly

infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States by, among other things, methods practiced on various websites (including, but not

limited to, www.cheaptickets.com) that practice one or more claims of the '302 Patent to the

injury of Constellation. Defendant CheapTickets is thus liable for infringement of the '302 Patent

pursuant to 35 U.S.C. § 271.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations

of Paragraph 37 of the Complaint, and on that basis, American denies them.


38.     On information and belief, Defendant La Quinta has been and now is directly infringing,

and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States by, among other things, methods practiced on various websites (including, but not

limited to, www.lq.com) that practice one or more claims of the '302 Patent to the injury of

Constellation. Defendant La Quinta is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 38 of the Complaint, and on that basis, American denies them.

39.    On information and belief, Defendant Galileo has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.galileo.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Galileo is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 39 of the Complaint, and on that basis, American denies them.

40.    On information and belief, Defendant AMR has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.americanairlines.com and www.aa.com) that practice one or more claims of the '302

Patent to the injury of Constellation. Defendant AMR is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

ANSWER:

American denies the allegations contained in Paragraph 40 of the Complaint.

41.     On information and belief, Defendant American Airlines has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.americanairlines.com and www.aa.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant American Airlines is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

ANSWER:

American denies the allegations contained in Paragraph 41 of the Complaint.

42.     On information and belief, Defendant FedEx has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.fedex.com and www.federalexpress.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant FedEx is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 42 of the Complaint, and on that basis, American denies them.

43.     On information and belief, Defendant FedEx Services has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.fedex.com and www.federalexpress.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant FedEx Services is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 43 of the Complaint, and on that basis, American denies them.

44.     On information and belief, Defendant Schwab Corp. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.schwab.com and www.charlesschwab.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Schwab Corp. is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

ANSWER:

Dallas 238360v2

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 44 of the Complaint, and on that basis, American denies them.

45.     On information and belief, Defendant Schwab & Co. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.schwab.com and www.charlesschwab.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Schwab & Co. is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

ANSWER:

American is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 45 of the Complaint, and on that basis, American denies them.

46.     On information and belief, Defendants have actively induced and are actively inducing infringement of the '302 Patent and are liable for contributory and joint infringement of the '302 Patent.

ANSWER:

American denies the allegations of Paragraph 46 directed in any way towards American. American is without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 46 of the Complaint, and on that basis, American denies them.

47.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '302 Patent complied with such requirements and Constellation is entitled to collect damages for acts of infringement of the '302 Patent occurring prior to the filing of the present Complaint.

ANSWER:

American denies that it does or has ever infringed the '302 patent.   American denies that Constellation is entitled to collect any damages from American.   American is without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 47 of the Complaint, and on that basis, American denies them.

48.     On information and belief, at least after the filing of the present Complaint, the Defendants have infringed and continue to willfully infringe the '302 Patent.

ANSWER:

American denies the allegations of Paragraph 48 directed in any way towards American. American is without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 48 of the Complaint, and on that basis, American denies them.

49.     As a result of these Defendants' infringement of the '302 Patent, Constellation has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

ANSWER:

American denies the allegations of Paragraph 49 directed in any way towards American. American is without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 49 of the Complaint, and on that basis, American denies them.

50.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '302 patent, Constellation will be greatly and irreparably harmed.

ANSWER:

American denies the allegations of Paragraph 50 directed in any way towards American. American is without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 50 of the Complaint, and on that basis, American denies them.

### RESPONSE TO CONSTELLATION'S PRAYER FOR RELIEF

American denies that Constellation is entitled to any of the relief sought in its prayer or any other relief whatsoever.  American has not infringed and does not infringe any of the claims of the '302 patent in any way.  Constellation's Complaint should be dismissed in its entirety, with Constellation taking nothing thereon.

## AMERICAN'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

51.    American has not and does not directly or contributorily infringe, literally or under the doctrine of equivalents, any valid claim of the '302 patent.  American has not and does not actively induce infringement of the '302 patent.

### SECOND AFFIRMATIVE DEFENSE

52.    The '302 patent is invalid, unenforceable, and/or void for failure to satisfy one or more of the conditions of patentability specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, 112, and/or 256.

### THIRD AFFIRMATIVE DEFENSE

53.    Constellation is estopped from asserting any interpretation of any of the claims of the '302 patent that would be broad enough to cover any of American's websites or activities by reasons of statements and representations made by the applicants, Constellation, or its assignor(s) to the United States Patent and Trademark Office during prosecution of applications related to or for the issuance of the '302 patent, or by reason of other prior acts by those parties.

### FOURTH AFFIRMATIVE DEFENSE

54.    Constellation is barred in whole or in part from asserting the '302 patent against American by the doctrines of laches, equitable estoppel, and/or waiver.

### FIFTH AFFIRMATIVE DEFENSE

55.    To the extent that Constellation and predecessors in interest to the '302 patent failed to properly mark any of their relevant products in accordance with 35 U.S.C. § 287 or otherwise give proper notice that American's actions allegedly infringed the '302 patent, American is not liable for any alleged acts of infringement before American received actual notice that it was allegedly infringing the '302 patent.

## AMERICAN'S COUNTERCLAIMS FOR DECLARATORY RELIEF

For its counterclaims against Constellation, American alleges the following:

### THE PARTIES

1.      American is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Fort Worth, Texas.

2.      On information and belief, Constellation is a Texas limited liability company with its principal place of business in Marshall, Texas.

### JURISDICTION AND VENUE

3.      This is an action for declaratory relief.  This Court has jurisdiction over this counterclaim based on 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4.      Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400.

### COUNT ONE — DECLARATORY JUDGMENT OF NON-INFRINGEMENT

5.      American incorporates and realleges paragraphs 1 through 4 of these Counterclaims.

6.      Constellation alleges that it is the owner of the '302 patent, and Constellation has sued American for infringement of the '302 patent.

7.      American has not and does not infringe the '302 patent, either directly, jointly, or indirectly, literally or under the doctrine of equivalents.

8.      An actual case or controversy exists between Constellation and American based on Constellation having filed a lawsuit against American alleging infringement of the '302 patent.

9.      American has been injured and damaged by Constellation having filed a Complaint asserting against American a patent that American has not infringed.

10.      To resolve the legal and factual questions raised by Constellation, and to afford relief from the uncertainty and controversy that Constellation's accusations have precipitated,

Page 25

American is entitled to a declaratory judgment that it does not infringe any claim of the '302 patent.

## COUNT TWO — DECLARATORY JUDGMENT OF INVALIDITY

11.     American incorporates and realleges paragraphs 1 through 10 of these Counterclaims.

12.     The claims of the '302 patent are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, 112, and/or 256.

13.     To resolve the legal and factual questions raised by Constellation, and to afford relief from the uncertainty and controversy that Constellation's accusations have precipitated, American is entitled to a declaratory judgment that the claims of the '302 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Defendant American Airlines, Inc., prays for relief as follows:

1.     That Constellation's Complaint be dismissed with prejudice and that Constellation recover nothing thereon;

2.     That the Court enter judgment declaring that the '302 patent is not and has not been infringed by American or by the use of American's website or other products;

3.     That the Court enter a judgment declaring the '302 patent invalid and/or unenforceable;

4.     That the Court order Constellation to pay American's costs and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285 and all other applicable statutes, rules, and common law; and

5.     That the Court grant such other relief as the Court deems just and proper.

## JURY DEMAND

American demands a trial by jury on all issues so triable.

DATED:  May 23, 2007

Respectfully submitted,

**McKOOL SMITH, P.C.**

/s/ Mike McKool
Mike McKool, Jr.
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Samuel F. Baxter
Texas State Bar No. 01938000
P.O. Box O
Marshall, Texas 75671
sbaxter@mckoolsmith.com
Telephone: (903) 927-2111
Telecopier: (903) 927-2622

Bradley W. Caldwell
Texas State Bar No. 24040630
bcaldwell@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

**ATTORNEYS FOR DEFENDANTS
AMR CORP., and AMERICAN
AIRLINES, INC.**

Dallas 238360v2

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy via facsimile and/or U.S. First Class Mail this 23rd day of May, 2007.

/s/ Bradley W. Caldwell