IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| CONSTELLATION IP, LLC | |
| v. | NO. 5:07-cv-38-DF-CMC |
| AVIS BUDGET GROUP, INC., et al. | Jury |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO FEDEX'S MOTION TO REMOVE CONFIDENTIAL DESIGNATION**

Plaintiff, Constellation IP, LLC, respectfully submits this Response in Opposition to FedEx's Motion to Remove Confidential Designation, as follows:

**I.  Introduction.**

At issue before the Court is whether Constellation's P.R. 3-1 disclosures are properly designated as confidential under the stipulated Protective Order agreed by the parties and entered by the Court.[1]  Rather than styling its Motion as one to enforce the Court's Protective Order, FedEx styles it as one to "Remove Confidentiality Designation."  This is not surprising because FedEx's Motion seeks a *sub silentio* re-write of the stipulated Protective Order by removing confidentiality from materials which are entitled to such confidentiality under the order.

FedEx alleges that Constellation's confidentiality designation is impeding its defense of this case, but this is simply untrue.  Constellation has made every effort to provide FedEx with full reign to defend this case while maintaining the legitimate confidentiality of Constellation's P.R. 3-1 disclosures.  As set forth in Constellation's correspondence to FedEx:

> Constellation's infringement contentions are confidential and Constellation stands by its designation under the protective order. However, to clarify Constellation's position, notwithstanding such confidentiality, in an effort at compromise and to avoid hampering any good faith activities by FedEx relative to the lawsuit,

---

[1] Constellation and FedEx stipulated to all provisions of the Protective Order except the scope of the prosecution bar, which is not at issue in FedEx's Motion or this Response.  This Court accepted all stipulated provisions and ultimately ruled in Constellation's favor on the prosecution bar.

> Constellation agrees that FedEx may disclose the infringement contentions to FedEx employees and management, potential or actual fact or expert witnesses, or other defendants who are being sued by Constellation. In addition, Constellation agrees that FedEx may disclose the infringement contentions to any other persons if FedEx believes in good faith that it is acting in furtherance of its defenses or counterclaims in this case. Naturally, anyone to whom FedEx discloses Constellation's confidential infringement contentions needs to agree to respect such confidentiality.

Ex. 7 to FedEx's Motion.

Based upon Constellation's foregoing concessions, FedEx already has full liberty to disclose Constellation's P.R. 3-1 disclosures to FedEx employees and management, potential or actual fact or expert witnesses, or other defendants who are being sued by Constellation; and to any other persons if FedEx believes in good faith that it is acting in furtherance of its defenses or counterclaims in this case. Thus, FedEx's allegation that Constellation is impeding its defense of this case is wholly incorrect.

The only real issue presented to the Court is whether the confidentiality of Constellation's P.R. 3-1 disclosures improperly prevents FedEx from submitting them to the U.S. Patent & Trademark Office ("USPTO") in connection with FedEx's threatened request for reexamination of the '302 patent-in-suit. However, Constellation's P.R. 3-1 disclosures are wholly irrelevant to FedEx's threatened request for reexamination, and would be an improper violation of the USPTO's procedures to submit them with a reexamination request. Accordingly, this cannot possibly justify the re-write of the stipulated Protective Order sought by FedEx.

FedEx's Motion acknowledges at page 4 that reexamination requests are made available to the public. See Manual of Patent Examining Procedure ("MPEP") § 2209(H) ("All reexamination and patent files are open to the public."). Paragraph 3 of this Court's Protective Order excludes from protection information which has been "published to the general public."

Thus, if FedEx is permitted to submit Constellation's P.R. 3-1 disclosures to the USPTO with a reexamination request, they will lose all confidentiality under the Protective Order.

Notwithstanding FedEx's artistic liberty in citing cases, none of the case law cited by FedEx is pertinent to the present situation in which a *party* seeks de-designate a confidentiality marking of a document marked under a *stipulated* protective order. The proper issue before the Court is not whether good cause exists for the provisions of its protective order -- the parties have already stipulated that good cause exists, and the Court has already found such good cause in entering the order. The proper issue before the Court is whether Constellation's P.R. 3-1 disclosures are legitimately confidential. Since Constellation's P.R. 3-1 disclosures are legitimately confidential, they qualify for protection under the stipulated Protective Order. FedEx's motion must be denied.

## II.   Constellation's P.R. 3-1 Disclosures are Legitimately Confidential.

In jointly submitting the stipulated provisions of the Protective Order, the parties agreed that confidential matters should qualify as "Confidential Information." Protective Order (Dkt. No. 162), ¶ 1. This includes "discovery responses," *id.*, which are akin to P.R. 3-1 disclosures. A matter is confidential if, for example, it is sensitive and not publicly available. See, e.g., Encarta World English Dictionary, North American Edition, at http://encarta.msn.com/encnet/features/dictionary/DictionaryResults.aspx?refid=1861599496.

Surprisingly, FedEx's Motion omits to include Constellation's full P.R. 3-1 disclosures as an exhibit (FedEx's Exhibit 2 is a chart from the P.R. 3-1 disclosures, and its attachment). However, the Court's Patent Rule 3-1 states precisely what is contained in Constellation's P.R. 3-1 disclosures, which is the following: (a) each claim that is allegedly infringed by FedEx; (b) separately for each asserted claim, the identification of each Accused Instrumentality; (c) a chart

identifying specifically where each element of each asserted claim is found within each Accused Instrumentality; (d) whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents; (e) Constellation's priority claims, if any; and (f) whether Constellation asserts that its own apparatuses, products, devices, processes, methods, acts, or other instrumentalities practice the claimed invention. Constellation legitimately considers the foregoing information to be sensitive and proprietary, and Constellation appropriately marked such information as "Confidential" under the agreed provisions of the Protective Order. Without limitation, most of the foregoing information would be highly sensitive work product but for the requirement that Constellation disclose such information to FedEx for purposes of this litigation.

### III. Constellation has Acted in Good Faith to Maintain the Confidentiality of its P.R. 3-1 Disclosures While Giving FedEx Full Reign to Defend this Case.

FedEx can't keep its story straight as it relates to its need to remove the confidentiality designation on Constellation's P.R. 3-1 disclosures. FedEx originally complained about Constellation's confidentiality designation because FedEx's lawyers wanted to show the P.R. 3-1 disclosures to more persons at FedEx than the client representative allowed under the Protective Order. Constellation agreed to this request by FedEx. Then, FedEx wanted to show the disclosures to actual or potential fact and expert witnesses. Again, Constellation agreed to FedEx's request. Then, FedEx wanted to show the disclosures to common interest defendants, and again Constellation agreed to FedEx's request. Moreover, Constellation has always been agreeable to FedEx disclosing the P.R. 3-1 disclosures to any other persons if FedEx believes in good faith that it is acting in furtherance of its defenses or counterclaims in this case. *See, e.g.*, Ex. 7 to FedEx's Motion. Constellation agreed to such measures in order to reasonably address FedEx's stated concerns, and to avoid having to burden this Court with a motion.

Constellation's multiple attempts to satisfy FedEx's concerns while maintaining the confidentiality of Constellation's P.R. 3-1 disclosures are noted in part in the correspondence appended to FedEx's motion.  Constellation's position is most appropriately summed up by Constellation's letter at Exhibit 7 to FedEx's motion, as follows:

> Constellation's infringement contentions are confidential and Constellation stands by its designation under the protective order. However, to clarify Constellation's position, notwithstanding such confidentiality, in an effort at compromise and to avoid hampering any good faith activities by FedEx relative to the lawsuit, Constellation agrees that FedEx may disclose the infringement contentions to FedEx employees and management, potential or actual fact or expert witnesses, or other defendants who are being sued by Constellation. In addition, Constellation agrees that FedEx may disclose the infringement contentions to any other persons if FedEx believes in good faith that it is acting in furtherance of its defenses or counterclaims in this case. Naturally, anyone to whom FedEx discloses Constellation's confidential infringement contentions needs to agree to respect such confidentiality.

Ex. 7 to FedEx's Motion.  Constellation submits the forgoing is a reasonable resolution of this matter consistent with protecting the confidentiality of Constellation's P.R. 3-1 disclosures, and any legitimate concerns of FedEx in properly defending this lawsuit.

Throughout the meet and confer process, Constellation has tried to accommodate FedEx on this issue. Early in the meet and confer process, FedEx proposed a compromise for Constellation to de-designate the confidentiality of the original Exhibit A to Constellation's P.R. 3-1 disclosures (the disclosures had not been amended at that time).  Constellation initially rejected FedEx's proposal.  However, later in the meet and confer process, Constellation agreed to accept FedEx's proposal, but FedEx said it was no longer good enough.

Simply put, at every turn, Constellation has bent over backwards to accommodate FedEx while maintaining the confidentiality of its P.R. 3-1 disclosures.  However, FedEx's final demand, that FedEx submit Constellation' P.R. 3-1 disclosures to the USPTO, is wholly improper because such disclosures are <u>irrelevant</u> to FedEx's threatened reexamination request

5

(see part V below), and because, as noted above, such a submission would destroy all confidentiality by making the disclosures a public document.

**IV.     FedEx's Motion Improperly Seeks to Rewrite the Stipulated Protective Order, *Sub Silentio*, by Denying Protection for Constellation's P.R. 3-1 Disclosures Despite Their Confidential Nature and Entitlement to Protection.**

FedEx <u>stipulated</u> to every provision in the Court's Protective Order except the prosecution bar, which is not at issue here. Although FedEx refrains from explicitly requesting the Court to rewrite the stipulated Protective Order, the import of FedEx's motion is that it seeks to rewrite the order, *sub silentio*, by denying protection for Constellation's P.R. 3-1 disclosures despite their confidential nature.

FedEx makes no persuasive argument for Constellation's P.R. 3-1 disclosures not being confidential. Rather, FedEx takes great artistic liberty with case law which is not pertinent to the issues at hand. For example, FedEx cites the *Harris* and *E.E.O.C.* cases for the legal proposition that, "[w]hen a party's confidentiality designation of a document is challenged, the designating party bears the burden of demonstrating 'good cause' as to why that information is entitled protection under Rule 26(c)." However, neither case stands for that proposition. The *Harris* case involves the validity of a protective order, not the challenge of a party's confidentiality designation. See *Harris*, 768 F.2d at 684 (*i.e.*, "The final issue in this case raises the validity of a protective order covering age and sex data."). And the *E.E.O.C.* case has essentially nothing to do with protective orders or challenging confidentiality obligations made thereunder. Rather, the case involves an action to enforce an EEOC-related subpoena in district court. *In re E.E.O.C.*, 709 F.2d 392, 401 n.7 (5th Cir. 1983). The only discussion apparently related to protective orders is that the Fifth Circuit commented that it disagreed with a particular affidavit being filed under seal. *See id.*

FedEx also mis-cites the *Dentsply* case (a Delaware District Court case) for the proposition that Constellation must show a "clearly defined and serious injury" in order for its confidential information to be entitled to protection under this Court's stipulated Protective Order. However, that case stands for nothing more than the following: "[i]n the Third Circuit, the appropriate standard for the 'confidential information' designation in a protective order is information, the disclosure, or further disclosure, of which will work a 'clearly defined and serious injury.'" *United States v. Dentsply, Int'l, Inc.*, 187 F.R.D. 152, 158 (D. Del. 1999). This Court is not in the Third Circuit. Moreover, FedEx stipulated to this Court's Protective Order. At a minimum, FedEx is estopped from now arguing that a legal standard from the Third Circuit overrides stipulated Protective Order provisions. Moreover, *Dentsply* was reversed on appeal, see *United States v. Dentsply Int'l, Inc.*, 399 F.3d 181 (3d Cir. 2005), so even its persuasive authority should be taken lightly, if considered at all.

In addition, the authority relied upon by FedEx for balancing "the producing party's interests in maintaining the confidentiality of the information against the receiving parties' interest in the information" is inapposite. See Motion at p. 6. The *Hussey* case relied upon by FedEx involves an attempt to quash a deposition notice altogether, not an issue over whether information is properly designated under a protective order. See *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003). In the present case, FedEx has already received this information. As such, *Hussey* is simply inapplicable.

Finally, the cases cited by FedEx for the "public's right to obtain information" are off point. The *Pansy* case involves newspapers obtaining access to a Settlement Agreement pursuant to the Pennsylvania Right to Know Act, and the *Alam* case involves whether testimony and evidence at a court hearing should be sealed from the public. *See Pansy v. Borough of*

7

*Stroudsbourg*, 23 F.3d 772, 786 & 792 (3d. Cir. 1994); *Alam v. Fannie Mae*, No. H-02-4478, 2007 WL 101803, at *2 (S.D. Tex. 2007).

Irrespective of FedEx's artistic license with the case law, the proper standard to be applied is set forth in the Court's Protective Order, the provisions of which were stipulated by FedEx. Paragraph 4 of the Protective Order states that, "[u]pon the filing of such a motion by the receiving party or parties, the party or parties producing the Protected Matters shall have the burden of establishing that the disputed Protected Matters are entitled to confidential treatment."

The fact that Constellation's P.R. 3-1 disclosures are legitimately sensitive and proprietary is reason enough to conclude that they comply with the standards stipulated in the Court's Protective Order. Moreover, the fact that Constellation's P.R. 3-1 disclosures are sensitive and proprietary would satisfy FedEx's asserted "good cause" standard, even if this was the proper standard under the stipulated Protective Order, which it is not.

**V. FedEx Has No Legitimate Interest in Submitting Constellation's P.R. 3-1 Disclosures to the USPTO Because They are Wholly Irrelevant to a Reexamination Request.**

FedEx's Motion raises two issues relative to which FedEx alleges itself to be constrained. First, FedEx states that it cannot explain unspecified details of Constellation's infringement positions to unspecified "interested parties." FedEx never raised this issue during the meet and confer process (note its absence from FedEx's prolific letter writing appended to FedEx's Motion), and Constellation strongly suspects that FedEx manufactured this argument for purposes of its present motion. In any event, although it would be improper for FedEx to show Constellation's P.R. 3-1 disclosures to persons not authorized by the Protective Order or by Constellation's letter noted above, there is nothing to prevent FedEx from communicating to

these unspecified persons that Constellation is alleging FedEx's websites infringe the '302 patent.

The second issue raised by FedEx is its threatened reexamination. Contrary to the statements in FedEx's Motion, FedEx has made veiled threats of a reexamination since the spring of this year. Perhaps FedEx did not make the final decision to file a reexamination request until relatively recently, but FedEx was aware it might be filing a reexamination request when it agreed to the stipulated terms of the Protective Order. Thus, there is no reason to revise the Protective Order just because FedEx has apparently finally made up its mind to file a reexamination request.

Most importantly, Constellation's P.R. 3-1 disclosures are wholly irrelevant to a reexamination before the USPTO. A request for reexamination involves a request for the USPTO to determine whether prior art patents and publications raise a "substantial new question of patentability." 35 USC §§ 302-303. See MPEP § 2201. A request for reexamination properly consists of a prior art citation. See 35 USC § 301; 37 CFR 1.501(a); MPEP § 2202. "<u>A prior art citation is limited to the citation of patents and printed publications and an explanation of the pertinency and applicability of the patents and printed publications</u>." MPEP § 2202 (emphasis added). "This may include an explanation by the patent owner as to how the claims differ from the prior art. It may also include affidavits and declarations." *Id.*

FedEx's argument that it needs to disclose Constellation's P.R. 3-1 disclosures to the USPTO to show Constellation's interpretation of certain claims is meritless. Claims are given "their **broadest reasonable interpretation,** consistent with the specification, in reexamination proceedings." *See, e.g., In re Trans Tex. Holdings Corp.*, 2007 U.S. App. LEXIS 19909 (Fed. Cir. Aug. 22, 2007) (citing *In re Yamamoto*, 740 F.2d 1569, 1571 (Fed. Cir. 1984)). In fact, in

*Trans Texas*, the Federal Circuit rejected a contention that the examiner in a reexamination proceeding was bound by a previous claim construction ruling issued by a district court. In short, the USPTO knows what it is doing in the reexamination process – it gives the claims the broadest reasonable interpretation that is consistent with the specification. Constellation's P.R. 3-1 disclosures are simply not relevant to the claim interpretation the USPTO will apply during a reexamination proceeding.

As evidenced by the parties recent P.R. 4-3 Joint Claim Construction and Prehearing Statement (Dkt. No. 170), Constellation and FedEx have widely divergent views regarding the proper scope and meaning of the claims of the patent-in-suit. If FedEx follows through in filing its request for reexamination, then FedEx should only include those papers to which reexamination requests are "limited," i.e., prior art patents and publications and an explanation of their pertinency and applicability. MPEP § 2202. The USPTO will only concern itself with matters properly submitted in accordance with its regulations. The USPTO will make its own judgment as to the proper scope and meaning of the claims, irrespective of Constellation or FedEx's views. There is simply no reason for FedEx to submit Constellation's confidential P.R. 3-1 disclosures when (1) they are irrelevant to the reexamination request; (2) they constitute improper matters to be submitted, and (3) such submission would destroy legitimate confidentiality by making the P.R. 3-1 disclosures a public document.

**VI.     Conclusion.**

The parties stipulated to the applicable provisions of this Court's Protective Order. FedEx should not be permitted to re-write the Protective Order by carving out Constellation's confidential P.R. 3-1 disclosures. FedEx's artistic liberty in citing wholly inapplicable case law is illustrative of the fact that FedEx simply seeks to revisit upon matters already stipulated to,

and ordered pursuant to such stipulation. Constellation's P.R. 3-1 disclosures are legitimately confidential. Constellation has acted in good faith to maintain this confidentiality while giving FedEx full reign to properly defend itself in this case. It is FedEx that has continually "moved the goal posts" by making successive new demands upon Constellation in order to manufacture a discovery dispute, and even rejecting a compromise that FedEx had earlier proposed. FedEx has no legitimate interest in submitting Constellation's P.R. 3-1 disclosures to the USPTO because they are wholly irrelevant to a reexamination request, and would constitute an improper submission under Section 2202 of the MPEP.

Accordingly, FedEx has put forth no good cause or justification whatsoever for re-writing the stipulated Protective Order, *sub silentio*, to permit FedEx to destroy the confidentiality of Constellation's P.R. 3-1 disclosures by filing such wholly irrelevant materials with its threatened request for reexamination.

WHEREFORE, premises considered, Plaintiff Constellation IP, LLC requests that the Court DENY FedEx's Motion to Remove Confidential Designation, and for such other relief to which Constellation may be entitled.

October 17, 2007                                     Respectfully submitted,

                                                     CONSTELLATION IP, LLC

                                                     By: /s/ John J. Edmonds_____
                                                     Danny L. Williams
                                                     LEAD ATTORNEY
                                                     Texas Bar No. 21518050
                                                     J. Mike Amerson
                                                     Texas Bar No. 01150025
                                                     Terry D. Morgan
                                                     Texas Bar No. 14452430
                                                     Williams, Morgan & Amerson, P.C.
                                                     10333 Richmond, Suite 1100
                                                     Houston, Texas 77042
                                                     Telephone: (713) 934-4060

Facsimile:  (713) 934-7011
E-mail:  danny@wmalaw.com
E-mail:  mike@wmalaw.com
E-mail:  rbains@wmalaw.com

David M. Pridham
R.I. Bar No. 6625
Intellectual Property Navigation Group, LLC
207 C North Washington Avenue
Marshall, Texas  75670
Telephone:  (903) 234-0507
Facsimile:  (903) 234-2519
E-mail:  david@ipnav.com

John J. Edmonds
Texas Bar No. 00789758
THE EDMONDS LAW FIRM
709 Sabine Street
Houston, Texas 77007
Telephone:  (713) 858-3320
Facsimile:  (832) 767-3111
E-mail:  johnedmonds@edmondslegal.com

Jason W. Cook
Texas Bar No. 24028537
Law Office of Jason W. Cook
5320 Victor St.
Dallas, Texas 75214
Telephone: (214) 504-6813
Facsimile: (469) 327-2777
E-mail: jcook@cookip.com

T. John Ward, Jr.
Texas Bar No. 00794818
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323
E-mail:  jw@jwfirm.com

                                                 Eric M. Albritton
                                                 Texas Bar No. 00790215
                                                 J. Scott Hacker
                                                 Texas Bar No. 24027065
                                                 ALBRITTON LAW FIRM
                                                 P.O. Box 2649
                                                 Longview, Texas 75606
                                                 Telephone: (903) 757-8449
                                                 Facsimile: (903) 758-7397
                                                 Email: ema@emafirm.com
                                                 Email: jsh@emafirm.com

                                                 ATTORNEYS FOR PLAINTIFF
                                                 CONSTELLATION IP, LLC

## CERTIFICATE OF SERVICE

      I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated: October 17, 2007                                    /s/ John J. Edmonds
                                                       John J. Edmonds