**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| CONSTELLATION IP, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AVIS BUDGET GROUP, INC., *et al.* )<br>)<br>Defendants. )<br>) | Civil Action No. 5:07-cv-38-LED-CMC |

**DEFENDANT FEDEX'S REPLY TO CONSTELLATION'S OPPOSITION TO
FEDEX'S MOTION TO REMOVE CONFIDENTIAL DESIGNATION**

Defendants FedEx Corporation and FedEx Corporate Services, Inc. (collectively, "FedEx") file this Reply to Constellation IP, LLC's ("Constellation") Opposition to FedEx's Motion to Remove Confidential Designation, addressing the following flaws in the Opposition.[1]

- FedEx Does Not Seek to Rewrite the Protective Order
- Infringement Contentions are Material to Reexamination Requests
- Constellation Makes No Showing of Fact for the "Confidential Designation"

**I.   FedEx Seeks to Apply the Provisions of the Protective Order, Not Rewrite It**

Throughout its Opposition, Constellation alleges that FedEx seeks to rewrite the provisions of the Protective Order entered by the Court and implies that FedEx stipulated that the infringement contentions were "Confidential." This is not true.[2] Under the Protective Order, a

---

[1] Citations to Constellation's Opposition: "Opp."

[2] It is Constellation that tries to rewrite the Protective Order by adding a definition of "confidential" (Opp. at 3) that is simply not there. Upon close examination of Constellation's source for this definition, one finds that Constellation not only selected one of several definitions but also neglected to specify that even its selected definition applies to matters that are "***commercially or industrially*** sensitive." Ex. 1, http://encarta.msn.com/dictionary 1861599496/confidential.html. Infringement contentions can hardly be considered commercial or industrial in nature. Nor can they be considered "confidential, ***proprietary business information and/or trade secrets***"—the definition of "Confidential Information" found in the Protective Order.

producing party may designate information with one of four confidentiality levels.  P.O. [Dct No.162] at ¶ 1, 8.  However, simply because information is designated "Confidential" by the producing party does not entitle that information to such protection under the Protective Order: "At any time after the delivery of Protected Matters, counsel for the party … receiving the Protected Matters may challenge the Confidential designation…" *Id.* at ¶ 4.  When a designation is challenged, ***the producing party bears the burden of establishing that the information is entitled to such protection***. *Id.* at ¶ 4.  It is under this provision of the Protective Order that FedEx has properly challenged Constellation's designation of the contentions as "Confidential."

## II.     FedEx has a Compelling Interest in Removing the Confidential Designation

### A.     Constellation's Infringement Contentions are Material to a Reexamination Request

Constellation argues that it would be improper for FedEx to submit the infringement contentions to the U.S. Patent and Trademark Office ("PTO") as part of a Reexamination Request, and that the contentions would not be considered by the PTO even if submitted.  Opp. at 8-10.  In doing so, Constellation misrepresents the law and practice relating to patent reexamination.[3]  A Request for Reexamination must include a "detailed explanation of the pertinency and manner of applying the cited prior art to every claim for which reexamination is requested."  37 C.F.R. 1.510.  Infringement contentions such as Constellation's are relevant to

---

[3] Constellation states "[a] request for reexamination properly consists of a prior art citation," citing 35 U.S.C. § 301 as support, and asserts that anything beyond such a citation is improper.  Opp. at 9.  However, § 301 is not directed to a Request for Reexamination, but instead to a separate procedure—the Citation of Prior Art:  "Citations of prior art may be made separate from and without a request for reexamination."  MPEP §2202; *see also* 35 U.S.C. §301.  It is 35 U.S.C. § 302, not § 301, that governs a "Request for Reexamination."  Constellation also quotes the Manual of Patent Examining Procedure ("MPEP") § 2205, mistakenly cited as § 2202, as supporting its argument.  Like 35 U.S.C. § 301, however, MPEP § 2205—titled "Content of Prior Art Citations"—relates to Prior Art Citations, not Reexamination Requests:  "The prior art which may be submitted under 35 U.S.C. 301 is limited to 'written prior art consisting of patents or printed publications."  MPEP § 2205.  Although reexamination of a patent is based on prior art patents or printed publication (§ 301), as opposed to, for example, evidence of alleged offers for sale or public uses (Robert A. Matthews, Jr., 4 Annotated Patent Digest § 25:96.50, Westlaw (Oct. 2007)), the request itself is not so limited as Constellation would have the Court believe.

2

this "detailed explanation" because, for example, they can assist the PTO in determining the broadest reasonable interpretation of the claims for which reexamination is requested.

Demonstrating this, in Reexamination Control No. 90/008,338, the requesting party submitted infringement contentions served by the patent owner in litigation involving the same patent. Ex. 2, '338 Reexam. Req. at 3, 10, 16-17.[4]  In granting reexamination and rejecting the patent claims, the PTO expressly relied on the infringement contentions:

> "The Patent Owner has admitted in litigation definitions for the claim terms of the '584 patent in the 'Texas Litigation.' *As such, the Examiner concurs with Patent Owner's claim construction in Preliminary Infringement Contentions submitted in its litigation.…*" Ex. 3, '338 Reexam. OA at 3.

Similarly, in Reexamination Control No. 95/000,227, the PTO ordered reexamination and in doing so, the PTO expressly relied on infringement contentions served by the patent owner during litigation. Ex. 4, Reexam Comm. at 3.  The PTO stated that the patent owner "contends in its Preliminary Infringement Contentions (PIC) that the following patents disclose in their claims 'face up packages.'" *Id*.  Further, the PTO relied on a chart submitted by the requesting party comparing the '319 patent claims to a prior art reference in light of the patent owner's infringement contentions. *Id.* at 12, 14, 15, 18-20.  As evident from these reexamination proceedings, the PTO clearly considers a patent owner's infringement contentions material to determining whether to grant a reexamination request.  Accordingly, it can hardly be considered an "improper violation of the [PTO's] procedures" ( Opp. at 2) for FedEx to submit Constellation's contentions as part of a Request for Reexamination of the '302 patent.

      **B.**    **Constellation Failed to Dispute that FedEx Should be Able to Share the Bases for Constellation's Suit with Interested Parties or that the Public is Entitled to Know How Constellation is Asserting Its Patent**

As outlined in FedEx's opening brief, FedEx is entitled to share the details of Constellation's basis for this infringement action with interested parties, such as, for example, investors, the media, or its customers.  Constellation does not dispute this, but instead argues

---

[4] See also Reexamination Control No. 90/008,696. Ex. 5, 696 Reexam Req.

3

only that FedEx did not raise this position in the parties' meet-and-confers.[5]  From the initial meet and confer FedEx actually did express its position that its ability to distribute the contentions should not be limited to only those parties to whom Constellation consented.  Ex. 6, 8/16/07 ltr.  Regardless, FedEx is not required to reveal its strategy as part of the meet-and-confer process.  Nor is FedEx required to raise every basis for its challenge of Constellation's designation during this process.  This is particularly true given that Constellation never provided any threshold showing that the contentions could reasonably be considered "Confidential Information" under the Protective Order (*i.e.*, "confidential, proprietary business information and/or trade secrets").

Constellation also failed to counter FedEx's argument that the public's interest in access to the judicial system outweighs Constellation's phantom interest in maintaining the confidentiality of the contentions.  Constellation has availed itself of the judicial system, and the public—particularly those Constellation accuses of directly infringing the '302 patent in connection with FedEx's websites—is entitled to know how Constellation asserts the monopoly patent rights granted it by the public.  For these additional reasons, Constellation's contentions are not entitled to the "Confidential" designation.

### III.  Constellation Failed to Show Good Cause for a Protective Order

Without citing law in support of its position, Constellation argues that Paragraph 4 of the Protective Order supersedes the "good cause" showing required of a producing party seeking protection pursuant to Fed. R. Civ. P 26(c).  To the contrary, the Protective Order simply "postpones the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1308 (11th Cir. 2001).  Once challenged, the producing party must satisfy Rule 26(c)'s required good-cause showing.  *Id.* at 1313 (requiring producing party to show good cause for designating information producing "confidential" pursuant to protective order).

---

[5] Constellation also suggests that FedEx can tell interested parties its "websites" infringe.  Clearly, this minimal information alone is not helpful to a Patent Examiner reviewing the '302 patent.

Showing good cause under Rule 26(c) requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Ferko v. National Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003) (*quoting United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).  While Constellation strained to distinguish the authority cited by FedEx relating to the "good cause" standard, Constellation notably failed to contest *Ferko's* illustration that the "good cause" standard applies in the Fifth Circuit, and that a party seeking protection under Rule 26(c) must provide more than conclusory statements.  In its opposition, Constellation can muster only two arguments that its contentions are appropriately designated "Confidential":  (i) "[t]he fact that Constellation's P.R. 3-1 disclosures are legitimately sensitive and proprietary…"; and (ii) the contentions "would be highly sensitive work product but for the requirement [to] disclose such information to FedEx."

The first argument is nothing but a bare assertion, and does not justify protection under Rule 26(c).  *Ferko*, 218 F.R.D. at 133.  Constellation has made no effort to explain why its contentions are sensitive.  Nor does it explain any harm it would suffer if they are made public.  Constellation, having availed itself of the judicial system to assert its patent, is not entitled to keep the basis for its infringement claim a secret.

Similarly unpersuasive is Constellation's argument that the infringement contentions would be work product but for the requirement that they be disclosed to FedEx.  Clearly, the operative words here are "but for."  Constellation acknowledges that the contentions are no longer protected by the work-product privilege because they have been disclosed to FedEx.  The simple fact that information was work product prior to disclosure does not mean it remains "confidential" pursuant to Rule 26(c) once the privilege is lost, and Constellation cites no law supporting this position.  This is unsurprising, as such a result would be contrary to the notion of a public judicial system. *See Phillips Petroleum Co. v. Pickens*, 105 F.R.D. 545, 551 (N.D. Tex. 1985) (*quoting Am. Tel. & Telegraph Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979)).

**IV.  Conclusion**

For the reasons set forth above, FedEx's Motion to Remove Confidential Designation should be granted.

| | | |
|---|---|---|
| Dated:  October 29, 2007 | By: | /s/ Jeffrey Berkowtiz (by permission Patrick Kelley ) |

                                                           Jeffrey A. Berkowitz, *Lead Counsel*
                                                           Virginia State Bar No. 65149
                                                           jeffrey.berkowitz@finnegan.com
                                                           Finnegan, Henderson, Farabow,
                                                             Garrett & Dunner, LLP
                                                           Two Freedom Square
                                                           11955 Freedom Drive
                                                           Reston, VA  20190
                                                           Telephone: (571) 203-2700
                                                           Facsimile: (202) 408-4400

OF COUNSEL:
Roger D. Taylor
Georgia Bar No. 342,927
Cortney S. Alexander
Georgia Bar No. 142,690
Finnegan, Henderson, Farabow,
  Garrett & Dunner, LLP
3500 SunTrust Plaza
303 Peachtree Street NE
Atlanta, Georgia 30308
Telephone:  (404) 653-6400
Facsimile: (404) 653-6444
roger.taylor@finnegan.com
cortney.alexander@finnegan.com

Patrick Kelley
Texas State Bar No. 11202500
Otis Carroll
Texas State Bar No. 03895700
Ireland, Carroll & Kelley, P.C.
6101 S. Broadway, Suite 500
Tyler, TX 75703                                  **Attorneys for Defendants FedEx**
(903) 561-1600                              **Corporation and FedEx Corporate**
                                                  **Services, Inc**.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of DEFENDANT FEDEX'S REPLY TO CONSTELLATION'S OPPOSITION TO FEDEX'S MOTION TO REMOVE CONFIDENTIAL DESIGNATION via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 29th day of October, 2007.

By: /s/ Patrick Kelley