**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **CONSTELLATION, LLC** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **No.  5:07CV38** |
| | § | |
| **AVIS BUDGET GROUP, INC., ET AL.** | § | |
| **Defendants** | § | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the

Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, FedEx's

Motion to Remove Confidential Designation (Docket Entry # 165) was referred to the Honorable

Caroline M. Craven for the purposes of hearing and determining said motion.  The Court, having

reviewed the relevant briefing, is of the opinion the motion should be **GRANTED**.

## FEDEX'S MOTION

Defendants FedEx Corp. and FedEx Corporate Services, Inc. (collectively "FedEx") file this

motion to compel against Constellation IP, LLC ("Constellation"), requesting this Court remove the

"Confidential" designation applied by Constellation to its supplemental Local Patent Rule ("P.R.")

3-1 infringement contentions, served on July 27, 2007. According to FedEx, the supplemental

infringement contentions include copies of pages from FedEx websites and claim charts briefly

describing which aspects of those website pages Constellation alleges satisfy the various elements

of the asserted claims of Constellation's U.S. Patent No. 6,453,302 ("the '302 patent").  FedEx

asserts the supplemental infringement contentions are indicative of Constellation's belief as to the

scope and application of the '302 patent claims.

Because Constellation has designated its infringement contentions "Confidential," FedEx

asserts its counsel cannot make full use of the contentions in defending against Constellation's infringement claims. For example, FedEx states it intends to file a Request for Reexamination with the U.S. Patent and Trademark Office ("PTO") based on substantial questions of patentability that exist regarding the '302 patent. FedEx believes Constellation's infringement contentions would aid the PTO in determining whether to grant FedEx's reexamination request, but FedEx is precluded from attaching the infringement contentions to its reexamination request due to Constellation's "Confidential" designation. What's more, FedEx states it is estopped from explaining the details of Constellation's infringement allegations to interested parties due to the "Confidential" designation, including to entities that Constellation has accused of infringing the '302 patent through their use of FedEx's websites.

In response, Constellation first asserts it has made every effort to provide FedEx with full reign to defend this case while maintaining the legitimate confidentiality of Constellation's P.R. 3-1 disclosures. As set forth in Constellation's correspondence to FedEx:

> Constellation's infringement contentions are confidential and Constellation stands by its designation under the protective order. However, to clarify Constellation's position, notwithstanding such confidentiality, in an effort at compromise and to avoid hampering any good faith activities by FedEx relative to the lawsuit, Constellation agrees that FedEx may disclose the infringement contentions to FedEx employees and management, potential or actual fact or expert witnesses, or other defendants who are being sued by Constellation. In addition, Constellation agrees that FedEx may disclose the infringement contentions to any other persons if FedEx believes in good faith that it is acting in furtherance of its defenses or counterclaims in this case. Naturally, anyone to whom FedEx discloses Constellation's confidential infringement contentions needs to agree to respect such confidentiality.

Ex. 7 to FedEx's Motion.

According to Constellation, the real issue presented to the Court is whether the confidentiality of Constellation's P.R. 3-1 disclosures improperly prevents FedEx from submitting

2

them to the PTO in connection with FedEx's threatened request for reexamination of the '302 patent-in-suit. Constellation asserts its P.R. 3-1 disclosures are irrelevant to FedEx's threatened request for reexamination and would be an improper violation of the PTO's procedures to submit them with a reexamination request. Accordingly, Constellation asserts this cannot justify the re-write of the stipulated Protective Order sought by FedEx.

## THE PROTECTIVE ORDER

The Protective Order entered by the Court allows the parties to designate information produced in this litigation "Confidential." "Confidential" information can only be disclosed to outside counsel of the receiving party and certain other affiliated parties, but not to the public in general, including the PTO. FedEx asserts Constellation designated its infringement contentions "Confidential," preventing FedEx from fully using the contentions in its defense of Constellation's infringement contentions. While Constellation did consent to allow FedEx to share the infringement contentions with FedEx employees, witnesses, or to "any other persons if FedEx believes in good faith that it is acting in furtherance of its defenses or counterclaims," Fed Ex asserts  Constellation did not include this consent as part of its proposed Protective Order, entered by the Court on September 24, 2007.  Constellation has also agreed to allow FedEx to attach the screen shots of FedEx's websites included in its original infringement contentions to a reexamination request, but did not consent to let FedEx disclose the claim charts or markings on the screen shots that were included in Constellation's supplemental infringement contentions.

## DISCUSSION

The proper standard to be applied is set forth in the Court's Protective Order, the provisions of which were stipulated to by the parties and entered by the Court. Paragraph 4 of the Protective

3

Order provides that if the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party receiving the Protected Matters wishing to contest the designation may file a motion with the Court.  Protective Order at pgs. 3-4.  Paragraph 4 further provides that, "[u]pon the filing of such a motion by the receiving party or parties, the party or parties producing the Protected Matters shall have the burden of establishing that the disputed Protected Matters are entitled to confidential treatment." *Id.* at pg. 4.

Here, Constellation has not established that the infringement contentions contain trade secrets or other information entitled to the "Confidential" designation. According to FedEx, Constellation's infringement contentions are not privileged work-product because they were disclosed to FedEx pursuant to P.R. 3-1. Once disclosed to the opposing party, such "legal strategy" is not inherently worthy of the "Confidential" designation.

Moreover, Constellation has identified no actual harm it would suffer if the "Confidential" designation is removed.  The infringement contentions, which comprise screen shots of FedEx's websites and claim charts identifying which aspects of those websites Constellation alleges to correspond to various claim elements, do not contain any information about Constellation that would give its competitors a business advantage. FedEx states Constellation's only business is enforcing patent rights, and therefore it has no competitors.

Even if the Court were to find that Constellation has met its burden of establishing that the infringement contentions are entitled to confidential treatment, the Court would then "balance the harm that would flow from disclosure with the need of the party seeking discovery." *See Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003). Although Constellation has produced its supplemental infringement contentions to FedEx, FedEx asserts the inappropriate

4

"Confidential" designation hinders FedEx's use of the contentions to fully defend against Constellation's infringement claim and to explain the basis for Constellation's allegations to interested parties.  By designating the infringement contentions "Confidential," Constellation effectively bars FedEx from using the infringement contentions in a reexamination request because information submitted during reexamination becomes public if it is material to patentability. *See* 37 C.F.R. § 1.11(d). Constellation's effort to block FedEx from submitting the contentions with the reexamination request denies the PTO valuable information. According to FedEx, Constellation's infringement contentions would provide important context for the PTO in determining whether a substantial question of patentability exists regarding the '302 patent, because the infringement contentions evidence the broad interpretation given the claims by the patent owner, and how the patent is being asserted against accused infringers.  Thus, FedEx's interests in removing the "Confidential" designation outweighs any interest of Constellation in preserving the designation.

Finally, as urged by FedEx, Constellation's infringement contentions give insight into Constellation's perceived scope of patent ownership. If the infringement contentions are de-designated, the public can better ascertain what Constellation believes is the scope of its patent, allowing the public to avoid infringing activity and/or acquire a license. This is particularly true with regard to FedEx's customers. Constellation has accused FedEx of indirectly infringing the '302 patent by contributing to and inducing direct infringement on the part of FedEx's customers. Yet, because Constellation has designated its infringement contentions "Confidential," FedEx's customers cannot obtain the basis of their alleged infringement.  Therefore, the public right to access outweighs Constellation's reason for designating the infringement contentions "Confidential."

For these reasons, the Court is of the opinion FedEx's motion should be granted.

5

Accordingly, it is

**ORDERED** that FedEx's Motion to Remove Confidential Designation (Docket Entry # 165)

is hereby **GRANTED.**

**SIGNED this 30th day of October, 2007.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE