IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **CONSTELLATION IP, LLC** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | CIVIL ACTION NO. 5:07-CV-38 (LED) |
| **AVIS BUDGET GROUP, INC., et. al.,** | § § § | |
| **Defendant.** | § § | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, FedEx's Motion for Stay of Litigation Pending Reexamination (Docket Entry # 228) was referred to the Honorable Caroline M. Craven for the purposes of hearing and determining said motion. The Court, having considered the motion, response, all relevant pleadings, and hearing arguments of counsel on April 29, 2008,[1] is of the opinion the motion should be **DENIED**.

### I.

### BACKGROUND

Plaintiff Constellation IP, LLC ("Plaintiff" or "Constellation") brings this cause of action against Defendants FedEx Corporation and FedEx Corporate Services, Inc. (collectively "FedEx"),

---

[1] Additionally, the Court considered the arguments raised in Defendants FedEx Corporation and FedEx Corporate Services, Inc.'s Supplemental Authority in Support of its Motion for Stay of Litigation Pending Reexamination and the response thereto. Consequently, the Court **GRANTS** Defendants' Motion for Leave to File Supplemental Authority in Support of its Motion for Stay of Litigation Pending Reexamination (Docket Entry 247).

alleging FedEx infringes several claims of U.S. Patent No. 6,453,302 ("the '302 patent"). In the present matter before the Court, FedEx seeks a stay of this litigation pending the outcome of a reexamination of the '302 patent that the United States Patent and Trademark Office ("PTO") ordered on February 4, 2008. Among other things, FedEx asserts substantial time and resources will be saved by staying the current proceedings in light of reexamination by the PTO.

## II.

## APPLICABLE LAW

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.Com*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. In deciding whether to stay litigation pending reexamination, courts typically consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Soverain*, 356 F. Supp. 2d at 662. Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors.

Additionally, a stay has been found to benefit the district court proceedings upon the completion of a reexamination:

1. All prior art presented to the Court will have been first considered by the PTO,

> with its particular expertise[;]
> 2. Many discovery problems relating to prior art can be alleviated by the PTO examination[;]
> 3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed[;]
> 4. The outcome of the reexamination may encourage a settlement without the further use of the Court[;]
> 5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation[;]
> 6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination[; and]
> 7. The cost will likely be reduced both for the parties and the Court.

*Fisher Controls Co.,* 443 F.Supp. at 582 (S.D. Iowa 1977); *accord Emhart Industries v. Sankyo Seiki Mfg.,* 3 U.S.P.Q.2d 1889, 1890, 1987 WL 6314 (N.D. Ill.1987); *GPAC, Inc. v. D.W.W. Enterprises, Inc.,* 144 F.R.D. 60, 63 (D. N.J. 1992).

If the stay is unlikely to prejudice the plaintiff, and the motion for stay comes early in the case, courts generally look favorably on granting stays pending reexamination. *Spa Syspatronic, AG v. Verifone, Inc., et al.*, No. 2:07cv416, April 24, 2008 Order at pg. 2. "One major reason why stays pending reexamination are granted is that whether or not the PTO ultimately amends or invalidates a patent's claims during reexamination, the PTO's reexamination provides the Court with an expert funneling of the issues for trial." *Id.*

### III.

### DISCUSSION

This case was filed by Constellation on March 9, 2007 and is the first of two patent infringement cases concerning the '302 patent to come before this Court. The '302 patent is also being asserted in *Constellation IP, LLC v. Allstate, et al.*, No. 5:07cv132, which was filed in this Court on August 23, 2007. In arguing a stay of this action is proper pending reexamination of the

'302 patent, FedEx asserts reexamination will likely narrow the issues and may eliminate the need for further litigation. In addition, FedEx contends that even if the reexamination does not result in the cancellation or amendment of all claims of the '302 patent, "the record of reexamination would likely be entered at trial and potentially reduce the complexity and length of the litigation."[2] FedEx further states that in cases stayed pending reexamination, the PTO conducts those reexaminations with "special dispatch."[3] Finally, FedEx argues the current stage of discovery favors a stay. In the alternative, FedEx requests the scheduling order be amended by adding two months to dates not set based on the dates of the Court's claim construction order, including the date for the filing of dispositive motions and the trial date.

Constellation contends that a stay is not warranted based on the following: (1) FedEx failed to filed their requests for reexamination in a timely fashion; (2) a stay would greatly prejudice Constellation by harming Constellation's business of licensing and enforcing the '302 patent; (3) the possibility of issue simplification is remote; and (4) discovery in this matter has been substantial and is near completion. Moreover, Constellation asserts FedEx's alternative request for a continuance should be denied for lack of good cause.

On balance, the Court finds that the equities weigh against staying this matter pending reexamination. First, the Court finds a stay of this action will prejudice Constellation. This is so for the following reasons. Constellation correctly notes that FedEx has not acted with dispatch in seeking reexamination. Importantly, this case was pending for more than nine months before FedEx filed its request for reexamination even though FedEx had been threatening to file for reexamination

---

[2] FedEx's mot. at pg. 10.

[3] *Id.* at pg. 11.

since shortly after FedEx was served with Constellation's complaint.

FedEx asserts it wanted to file its December 3, 2008 request for reexamination much earlier but was delayed by Constellation's refusal to remove the "confidential" designation from its infringement contentions. FedEx sought relief from the Court regarding the confidential designation issue, and on October 30, 2007, the Court ordered the confidential designations removed from Constellation's infringement contentions. Yet, FedEx did not file its request for reexamination until December 3, 2007.[4] According to Constellation, FedEx did not need Constellation's infringement contentions to file a reexamination request; all FedEx needed was the prior art included in the request.

In addition to FedEx's delay in seeking reexamination, the Court finds Constellation will suffer some prejudice as a result of the *ex parte* proceeding. Unlike the situation in *Constellation IP, LLC v. Allstate, et al.*, No. 5:07cv132, where the conservation of resources and the early stage of the litigation mitigated the prejudice resulting to the plaintiff from an *ex parte* reexamination, here the posture of the case does not allay the prejudice to Constellation in staying this case scheduled for trial in September 2008. FedEx's agreement to a stipulation is also insufficient to ameliorate the prejudice to Constellation of an indefinite stay.

Discovery is complete and a trial date has been set, which the Court finds is the predominate consideration in determining FedEx's motion to stay in this instance. There has been a great deal of activity in this litigation to date. The Court has issued its claim construction order, and the discovery deadline is May 9, 2008. Discovery in this litigation has been substantial. The parties have

---

[4] On February 4, 2008, the PTO issued an Order granting FedEx's request for reexamination of all claims, 1-19. of the '302 patent.

taken at least eighteen depositions; they have responded to interrogatories and requests for production; and they have produced millions of pages of documents. The case is quickly approaching the deadlines for expert reports and dispositive motions, and trial is set to begin on September 3, 2008. Both the Court and the parties have invested significant resources in this case.

While arguably a stay might simplify the issues and the trial of this case, that does not outweigh the considerations of prejudice to Constellation. For the above-stated reasons, the Court finds that FedEx's motion to stay these proceedings pending reexamination of the '302 patent should be denied.

FedEx argues in its Supplemental Authority in Support of its Motion for Stay of Litigation Pending Reexamination that a Federal statute mandates that the PTO's Order granting FedEx's request to reexamine the '302 patent be placed in the file history for the '302 patent. FedEx argues the Court should either stay these proceedings or allow the jury to see the complete file for the '302 patent. The Court disagrees and in denying the motion to stay is not ruling on the admissibility of the PTO's Order granting FedEx's request for reexamination. The Court finds persuasive Constellation's argument that this issue is premature and should be addressed via motions in limine and/or evidentiary rulings by the trial court at a later juncture.

The Court grants FedEx's alternative motion to amend the scheduling order as follows. Specifically, FedEx has failed to show good cause for a two month continuance of the dispositive motion deadline and the September trial date. However, utilizing the current trial setting, the Court will allow an extension of the dispositive motion deadline to no later than July 1, 2008. The parties shall meet and confer regarding new scheduling order deadlines and file a joint motion for entry of an amended scheduling order with the Court within ten days from the date of entry of this Order.

Therefore, it is hereby

**ORDERED** that FedEx's Motion for Stay of Litigation Pending Reexamination (Docket Entry # 228) is **DENIED.** It is further

**ORDERED** that the parties shall file a joint motion for entry of an amended scheduling order within ten days from the date of entry of this Order.

**SIGNED this 12th day of May, 2008.**

*Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE